UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACOB S. WARD, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| AMAZON.COM SERVICES, LLC, | : | |
| | : | |
| Defendant. | : | September 10, 2024 |

Jury Trial Demanded

## COMPLAINT

Plaintiff Jacob S. Ward, by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1. Plaintiff Jacob S. Ward was and is a Connecticut citizen residing in the Town of Manchester.

2. Defendant Amazon.com Services, LLC was and is a Delaware limited liability company with a principal place of business located at 410 Terry Avenue No., Seattle Washington 98258.

3. At all times material, plaintiff is an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

4. At all times material, Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

5. At all times material, plaintiff is an employee within the meaning of the

1

Connecticut Fair Employment Practices Act (CFEPA).

6. At all times material, Defendant is an employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA).

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

8. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

9. This Court has supplemental or pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

10. Defendant owns and operates a warehouse and distribution center located at 1215 Kennedy Road, Windsor, Connecticut 06095.

11. Defendant employs 15 or more employees.

12. Defendant employed plaintiff.

13. In May 2022, plaintiff was working at defendant's facility in Lexington, Kentucky when he applied for a transfer to advance his career and gain more knowledge of other Amazon facilities.

14. Defendant agreed to transfer plaintiff.

15. In July 2022, plaintiff was transferred to a short-term assignment in Cleveland, Ohio and then another in Syracuse, New York.

16. Plaintiff was then transferred to the Connecticut and was subsequently assigned to work out of the Windsor facility.

17. Defendant employed Kathy O'Connell.

18. O'Connell was a supervisor.

19. O'Connell supervised plaintiff.

20. O'Connell questioned plaintiff's use of pronouns.

21. Plaintiff identifies with the pronouns – it/they.

22. Plaintiff was confused by O'Connell's question and did not know to respond.

23. O'Connell stated that members of the senior leadership team brought up the pronouns and were curious as to why he used the pronouns.

24. O'Connell asked plaintiff is he was in a sexual relationship with a co-worker, first name Corey. Corey is female. She asked plaintiff this question multiple times and most recently in October 2022.

25. Plaintiff was confused as to why his supervisor would ask him such a question. Nevertheless, plaintiff told O'Connell that there was no such sexual relationship.

26. Defendant employs Demetris Bentley as a supervisor.

27. Respondent employs Michelle Zadrozny as a supervisor.

28. O'Connell supervised Bentley and Zadrozny.

29. Bentley and Zadrozny supervised plaintiff.

30. Zadrozny told plaintiff that O'Connell wanted to have a meeting with him to ask why he was still using the pronouns "it/they" and if Corey and he were in a sexual relationship.

31. Plaintiff got upset and said: "Michelle, you tell Kathy that she is not allowed to ask me these things and that I don't ever want to be asked anything like that again or I'm going to file a complaint."

32. Zadrozny told plaintiff that she would relay his message and would not bring it up again.

33. Defendant was moving plaintiff from place to place with no real set schedule.

34. Defendant was erroneously putting plaintiff on the work schedule.

35. Plaintiff repeatedly brought up the scheduling issue with management.

36. The problem was not resolved.

37. Defendant's time and attendance system showed a negative Unpaid Time (UPT) balance.

38. On October 23, 2022, plaintiff received notification of the negative balance via text message.

39. Plaintiff texted defendant back stating that he had previously spoken to his manager about the negative balance and that it originated from an accident scheduled work day and from a week of hardship resulting in a few tardies. He further stated that he had spoken to HR on October 20 about the issues and a ticket was submitted for resolution.

40. On October 24, defendant's HR texted back: "Hello Jacob, Thank you for your response. Please partner with your site HR team on your next scheduled shift 10/27 to reconcile you [sic] upt balance, as we do not see any tickets on our end."

41. On October 28, plaintiff texted O'Connell asking for approval to take 4 hours of vacation time because he had not slept due to the replacement of his hot water heater and HVAC unit.

4

42. O'Connell texted plaintiff stating that she could approve the time.

43. On November 3, 2022, plaintiff received a phone call and was told that he was terminated.

44. Plaintiff had not been formally disciplined.

45. Plaintiff had not been directly coached on any subject.

46. O'Connell told human resources not to fix plaintiff's time and attendance record. O'Connell told a human resources employee not to fix plaintiff's time if plaintiff asked.

47. Following the termination, plaintiff instituted an appeal of his termination through defendant's internal appeals process.

48. During the internal appeal process, plaintiff notified defendant that O'Connell had discriminated against and harassed him on account of his gender, gender identity (he/they) and sexual orientation (heterosexual).

49. Plaintiff is male.

50. As a result of the internal appeal, defendant terminated O'Connell's employment.

51. Defendant did not rehire plaintiff.

52. Defendant notified plaintiff that he allegedly owes defendant the sign-on bonus and re-location bonus previously paid to him.

53. Defendant did not rehire plaintiff in retaliation for reporting discrimination and harassment.

54. Plaintiff was denied a fair appeal as O'Connell's direct co-worker had judgment over the appeal.

55. Defendant did not comply with it owns appeal policies and failed to notify plaintiff of his full rights under said policy.

56. Defendant barely spoke to plaintiff during the appeal hearing. Four hours later, defendant told him that his appeal was denied.

57. Any and all reasons to be proffered by the defendant to explain the decisions to terminate and not rehire would be a pretext to cover up unlawful discrimination and/or retaliation.

58. Plaintiff filed charges against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on or about the following date: June 28, 2023.

59. Plaintiff filed charges against defendant with the Equal Employment Opportunity Commission (EEOC) on or about the following date: June 28, 2023.

60. Plaintiff received a Right to Sue letter from the EEOC on July 2, 2024. (copy attached as Exhibit 1).

61. Plaintiff received a Release of Jurisdiction letter from the CHRO on June 21, 2024. (copy attached as Exhibit 2).

## COUNT ONE
**(Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

62. Defendant, by and through its agents and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

b. In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of gender;

c. In that defendant discriminated against the plaintiff on the basis of gender in such a way that it adversely affected his status as an employee;

d. In that defendant has denied work to the plaintiff on account of his gender;

e. In that defendant intentionally discriminated against the plaintiff on the basis of gender.

63. As a result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered harms and losses.

64. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his race.

65. As a result of defendant's discrimination, plaintiff has been deprived of income, wages, and benefits.

66. As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

67. Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's wrongful and discriminatory acts.

## COUNT TWO
### (Gender Harassment in Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

68. Plaintiff was subjected to harassment and abuse in defendant's workplace on account of his gender.

69. The harassment was severe or pervasive.

70. The harassment and abuse was motivated, at least in part, on the basis of plaintiff's gender.

71. Plaintiff subjectively, reasonably and objectively perceived his work environment to be hostile.

72. The racial harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment and to create an intimidating, hostile, abusive and/or offensive working environment.

73. The acts and/or omissions of the defendant, by and through its employees and/or agents, as described in this Complaint constitute gender harassment within the meaning of Title VII of the Civil Rights Act of 1964.

74. As a result of the hostile work environment, plaintiff suffered economic and non-economic harms and losses including severe emotional distress.

## COUNT THREE
### (Retaliation in Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

75. Defendant, by and through its agents and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, retaliated against the plaintiff for engaging in legally protected activity.

76. Plaintiff complained, reported and opposed gender harassment, abuse and discrimination.

77. Defendant retaliated against the plaintiff for engaging in the legally protected activity by terminating him and by failing to rehire him.

78. Plaintiff has suffered harms and losses because of the retaliation including lost wages, lost income, and emotional distress.

79. Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's retaliatory acts.

## COUNT FOUR
### (Gender Discrimination in Violation of CFEPA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

80. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act (CFEPA) in one or more of the following ways.

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's gender;

   b. In that defendant treated the plaintiff adversely different from similarly situated employees on the basis of gender;

   c. In that defendant discriminated against the plaintiff on the basis of gender in such a way that it adversely affected his status as an employee;

   d. In that defendant terminated the plaintiff on account of his gender;

9

e. In that defendant intentionally discriminated against the plaintiff on the basis of gender.

81. As a result of defendant's violation of CFEPA, plaintiff suffered harms and losses.

82. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his gender.

83. As a result of defendant's discrimination, plaintiff has been deprived of income, wages, and benefits.

84. As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

85. Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's wrongful and discriminatory acts.

## COUNT FIVE
### (Sexual Orientation Harassment in Violation of CFEPA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

86. Plaintiff was subjected to harassment and abuse in defendant's workplace on account of his sexual orientation.

87. The harassment was severe or pervasive.

88. The harassment and abuse was motivated, at least in part, on the basis of plaintiff's sexual orientation.

89. Plaintiff subjectively, reasonably and objectively perceived his work environment to be hostile.

90. The harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment and to create an intimidating, hostile, abusive and/or offensive working environment.

91. The acts and/or omissions of the defendant, by and through its employees and/or agents, as described in this Complaint constitute sexual orientation harassment within the meaning of CFEPA §46a-60(b)(1) *et seq*.

92. As a result of the hostile work environment, plaintiff suffered economic and non-economic harms and losses including emotional distress.

## COUNT SIX
### (Retaliation in Violation of CFEPA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

93. Defendant, by and through its agents and/or employees, violated CFEPA C.G.S. §46a-60(b)(4) by retaliating against the plaintiff for engaging in legally protected activity.

94. Plaintiff complained, reported and opposed gender and sexual orientation harassment, discrimination and abuse.

95. Defendant retaliated against the plaintiff for engaging in the legally protected activity by terminating his employment and failing to rehire him.

96. Plaintiff has suffered harms and losses because of the retaliation including lost wages, lost income, and emotional distress.

97. Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's retaliatory acts.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/retirement benefits, emotional distress; Title VII punitive damages; CFEPA punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: September 10, 2024

James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

## Jacqueline Macneill (Sabatini & Associates LLC.)

**From:** MARIANNE MONTLER <MARIANNE.MONTLER@EEOC.GOV> on behalf of MARIANNE MONTLER
**Sent:** Tuesday, July 2, 2024 4:24 PM
**To:** Jsabatini@sabatinilaw.com
**Subject:** EEOC Dismissal and Notice of Rights



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 7/2/2024

**To:** Ward, Jacob
**Via Email:** Jsabatini@sabatinilaw.com

cc: AMAZON.COM SERVICES LLC
Via Email: Tmoyher@littler.com

Charge No: 16A-2023-01235

EEOC Representative and email:   MARIANNE MONTLER
CRTIU Supervisor
marianne.montler@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge. The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

1

Digitally Signed By:Yaw Gyebi, Jr.
7/2/2024

Yaw Gyebi, Jr.
District Director

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 16A-2023-01235 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 16A-2023-01235 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at:
http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

5

# EXHIBIT 2

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES



Jacob S. Ward
**COMPLAINANT**

CHRO No. 2310509
EEOC No. 16A-2023-01235

v.

Amazon.com Services, LLC
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** June 21, 2024

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

cc:   James V. Sabatini, Esq., via email: jsabatini@sabatinilaw.com
      Thomas Moyher, Esq., via email: tmoyher@littler.com